378 So.2d 831 (1979)
MARION COUNTY SCHOOL BOARD, Appellant,
v.
Ethel CLARK, and Unemployment Appeals Commission, Appellees.
No. MM-326.
District Court of Appeal of Florida, First District.
December 12, 1979.
Rehearing Denied January 25, 1980.
*832 Gary C. Simons of Savage, Krim, Simons & Fuller, Ocala, for appellant.
James R. Parks, Dana C. Baird, Tallahassee, for appellees.
PER CURIAM.
Appellee Ethel Clark was discharged by appellant School Board based upon a finding that she violated certain of the school's policies concerning corporal punishment of a pupil. That decision is presently on appeal before another tribunal, the State Board of Education. After her dismissal, Clark applied for unemployment compensation benefits. A claims examiner denied her benefits on the ground that she had been discharged from her work due to misconduct, and was thus disqualified from receiving benefits under Section 443.06(1), Florida Statutes. Clark appealed, and the appeals referee reversed the decision of the claims examiner and ordered that benefits be paid. The appeals referee found that it had not been shown by clear and positive proof that Clark's discharge was for "misconduct connected with her work". The order of the appeals referee was affirmed by the Unemployment Appeals Commission. We affirm the Commission.
Section 443.06(1), Florida Statutes, provides that an individual shall be disqualified for benefits if he has been discharged by his employing unit for "misconduct connected with his work". Under the statute, the question of whether the employee has been discharged for misconduct connected with his work, is a matter to be determined by the division.
Section 443.06(9), Florida Statutes, defines "misconduct" for purposes of the above statutory provision, to include, but not be limited to, the following:
"(a) Conduct evincing such willful or wanton disregard of an employers' interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
"(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or even design, or to show an intentional and substantial disregard of the employers' interests or of the employee's duties and obligations to his employer."
*833 The inquiry before the appeals referee was, consistent with the above statutes, whether Clark's discharge was for misconduct connected with her work. A hearing was initially held in St. Petersburg, at which time Clark appeared and testified. There were no witnesses in behalf of the School Board. After due notice to all parties, in order to allow the School Board an opportunity to present evidence, a further hearing was held at Ocala. The School Board's personnel specialist attended this hearing, but this witness had no personal knowledge of the incident giving rise to Clark's dismissal, nor any personal knowledge of the proceedings that took place before the School Board. The evidence presented in behalf of the School Board at the Ocala hearing was limited to various items of correspondence between the parties, and a copy of the School Board's order of dismissal. During her testimony appellee Clark testified to the facts surrounding the incident involving her alleged improper disciplinary action with respect to the student, and in addition, gave her version of what occurred at the School Board hearing where the student and other witnesses testified.
Based upon the testimony and record presented to him, the referee made his findings and decision. He found that on February 6, 1978, an 11 or 12 year old boy student with whom claimant (Clark) had had previous disciplinary problems was disrupting her class, roaming about and disturbing other students. She had previously instructed him to rid himself of gum that he has chewing, but he had not done so. Observing the boy at the rear of her class near a wastebasket, she went to him and placing her hands upon his shoulder in a friendly manner, asked him to get rid of his gum, whereupon, he bent down to the wastebasket and then stood up rapidly and unexpectedly, colliding with the claimant. The boy then fell to the floor, writhing about and screaming unnecessarily. He went to his desk when told to by the claimant, and the claimant then told him that she would have to again refer him to the assistant principal for discipline, whereupon, he gathered his belongings and left the classroom saying that he was going to see the principal. Thereafter, Clark was called to the principal's office and was accused of striking the student. Even though she explained what had occurred, she was suspended from her classroom duties. Further, the referee found, at the hearing before the School Board conflicting testimony was obtained from the student involved, and other students in the classroom indicating that he had not been struck by the claimant, but that he had made his accusation against her because he resented being told to get rid of his gum. He also found that the employer School Board concluded that Clark had used excessive physical force on the student, in violation of its rules and regulations and accordingly, suspended her from work without pay, in effect, discharging her.
Based upon the foregoing factual findings, the referee determined that Clark was not discharged for misconduct connected with her work, within the meaning of the Florida Unemployment Compensation Law, and in his order, under "reasons for decision", stated:
"It was shown in this case that the claimant was discharged from her employment being suspended from work without pay, upon a finding by the employer based upon conflicting testimony that the claimant had used excessive physical force on a student in her classroom, in violation of the employer's rules and regulations. The employer has produced no substantial evidence before this tribunal to establish that its findings were valid, and the claimant has categorically denied their validity. It has not been shown in evidence that the claimant acted in violation or disregard of appropriate standards of behavior, which the employer has the right to expect its employees, or that her conduct showed any intentional or substantial disregard of the employer's interests, or of her duties and obligations to the employer as an employee, nor has it otherwise been shown that her discharge was for `misconduct connected with work' *834 within the meaning of the law. The degree of clear and positive proof necessary to substantiate an allegation of misconduct is lacking in this case." (order of appeals referee)
We will dispose of a large portion of appellant's argument before this court by the observation that its recitation of the "facts" concerning the alleged violation of the School Board's policies and rules are derived from the "facts" as found by the School Board in its hearing. The appeals referee was not bound by any findings or conclusions reached by the School Board based upon its view of the evidence, for the simple reason that in the unemployment compensation proceeding the finding and conclusions of the School Board are not deemed to be those of an independent neutral tribunal, but are actually only those of an adversary party to the school disciplinary proceeding. There is no basis upon which the findings and conclusions of the School Board can be given any greater weight than the ex parte findings and conclusions of any other employer. Therefore, the School Board's attempt to in effect reargue the merits of its own decision resulting in suspension of the teacher is inappropriate in this proceeding. However much we might be inclined to decide the dispute between the School Board and appellee Clark in the same manner as did the Board, we are not at liberty to make such a judgment, nor to allow the Board's insistence upon its correctness to control our decision in the present controversy. We are not here reviewing the School Board's decision, but the decision of the Unemployment Appeals Commission.
The mere fact that Clark's testimony before the appeals referee does not coincide with the findings of fact made by the School Board at its hearing affords no basis for her testimony to be rejected by the referee. She was a participant in the incident in question, was entitled to give her first hand account of that episode, and in addition, she was entitled to give her version of the proceedings that led to her dismissal. The School Board's order was not "evidence" of the truthfulness or accuracy of its findings, and was not required to be so considered by the referee, although it does appear from the record that a copy of this order was received and filed as an exhibit in behalf of the employer. It is noted that in the School Board's order no finding is made as to whether the contact with the student's face was accidental or deliberate. The referee, basing his finding upon the sworn testimony given in the proceeding before him by Clark, found that this unfortunate collision was the result of inadvertence. We conclude that this finding was supported by competent substantial evidence.
The contention by appellant that the appeals referee should be compelled, under Rule 8B-5.11(3), Rules of the Department of Commerce, Florida Administrative Code, to obtain additional evidence upon which to base his decision, is without merit. The employer was given adequate notice of both hearings, and was furnished with detailed instructions specifically advising the Board of the necessity of having witnesses present to testify at the hearing before the referee. No request was made of the referee to secure any additional evidence, nor was any request made in behalf of the Board to allow it to submit any further documents or exhibits, other than those tendered at the hearing, all of which were received by the referee. We find that this point was not raised in the proceedings before the referee, nor was any mention made of any alleged procedural error in the Board's request for rehearing by the Unemployment Appeals Commission. The Board was afforded a fair opportunity to present evidence at the hearing, and its asserted error is one which was waived by not being presented below, and is not of such fundamental nature as to be grounds for reversal on appeal.
Finally, appellant urges that Clark's conduct in initiating unnecessary physical contact and force with a student was in violation of the School Board's policy on corporal punishment. This argument is premised upon the School Board's version of the facts of the incident, not those as found by the *835 referee, and we likewise find this argument to be without merit.
For the foregoing reasons, the order appealed from is affirmed.
McCORD, Acting C.J., and LARRY G. SMITH, J., concur.
ERVIN, J., specially concurs.
ERVIN, Judge, specially concurring.
I concur in the affirmance of the referee's order solely on the posture of the issues and record presented to us. I disagree, however, with the statement in the majority's opinion that the final order of the Board can have no binding effect on another agency because the findings and conclusions of the Board were "only those of an adversary party to the school disciplinary proceeding[s]." Ante at 834. The School Board is clearly an agency and as such is subject to the provisions of the APA. The final order of any agency is reviewable by the district courts of appeal, and the School Board by statute is specifically made a party entitled to judicial review of final action. Section 120.68(1), Florida Statutes (Supp. 1978). A board's decision is first reviewed by the Department of Education and "the decision of the department shall be final as to sufficiency of the grounds for dismissal." Section 231.36(6). I think that if the issue had been appropriately raised, the Board's order would have had binding effect unless it were reversed on appeal or otherwise set aside.
Mrs. Clark, while appealing to the State Department of Education the Board's order of discharge, elected, in effect, to collaterally attack the order by seeking unemployment compensation benefits in a proceeding before a different agency. Such collateral action conflicts with our decision in State Dept. of Health, etc. v. Barr, 359 So.2d 503, 505 (Fla. 1st DCA 1978) stating that the APA does not permit hearing officers "collateral review power over final agency action taken after regular proceedings under other provisions of the Act." I see very little procedural difference between what Mrs. Clark sought before the appeals referee and what the petitioners in Barr sought by rule challenge.
A question never presented below, and only peripherally now on appeal, is whether the Board's order directing that Mrs. Clark be dismissed due to misconduct in office was a bar to her later claim for unemployment benefits. Had the question been appropriately raised I think the later action should have been prohibited. There seems to be little question now that when an agency acts in an adjudicatory capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, principles of res judicata or collateral estoppel will be applied to enforce repose. United States v. Utah Construction and Mining Co., 384 U.S. 394, 421-22, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); Rubin v. Sanford, 168 So.2d 774 (3d DCA 1964), cert. den. 180 So.2d 331 (Fla. 1965); Metropolitan Dade County Board of County Comrs. v. Rockmatt Corp., 231 So.2d 41 (Fla. 3d DCA 1970).
While it may be argued that since the Board was not a formally named party to the discharge proceeding  rather the Superintendent of Schools  res judicata cannot apply. Nevertheless I do not think, under the circumstances, that mutuality of parties to both proceedings is a precondition to the defense of res judicata. Even though the parties to both proceedings are not identical, res judicata or collateral estoppel may still be applied to bar the later action. Quite often its application will turn upon whether a party had a full and fair opportunity to litigate the same issue at the prior proceeding; if so, the nonparty to the prior action may assert the collateral estoppel effect of the prior decision in a subsequent proceeding. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). No contention is made by Mrs. Clark that she had no opportunity to argue before the Board the issue whether she had been guilty of misconduct in office. Both Sections 120.57(1) and 231.36(6) provide that a tenured teacher, such as Mrs. Clark, shall have the right to a hearing, and *836 Section 120.57(1)(b)4 affords all parties the right to present evidence and argument, to conduct cross-examination and to be represented by counsel. Mrs. Clark was in fact provided with an attorney at her discharge hearing.
I think from a realistic standpoint that mutuality of parties may be said to exist since both the Superintendent and the Board were in privity with one another. A party at a subsequent proceeding is bound by the issue decided in the prior proceeding if he is in privity with another party in the former action. Lake v. Hancock, 38 Fla. 53, 20 So. 811 (1896). Moreover, in the federal system, federal agencies are considered in privity for purposes of res judicata or collateral estoppel if the agency in the initial action has the authority to represent the government in the final adjudication of the controversy. Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1940). I think there is clearly privity between the Board's agent, its Superintendent, and the Board so that in effect the two may be considered for purposes of the defense but one party.
I think also that the same issue, whether Mrs. Clark was guilty of misconduct in office, was litigated at both proceedings. While two different statutes were involved before the agencies  Section 231.36(6) at the discharge hearing and Section 443.06(9) at the hearing for unemployment compensation benefits  the issue as provided in both statutes was the same: was the employee guilty of misconduct in office? If the issues before the agencies are identical, even though different statutes are involved, res judicata principles may still apply. See George H. Lee Co. v. FTC, 113 F.2d 583 (8th Cir.1940); United States v. Willard Tablet Co., 141 F.2d 141 (7th Cir.1944); Safir v. Gibson, 432 F.2d 137 (2d Cir.1970).
Despite the presentation of the same issue in both instances, the two agencies reached different conclusions. The School Board, after hearing conflicting testimony from five students, the principal of the school and Mrs. Clark, found that Mrs. Clark had struck one of her students, had used excessive physical force on the student in an effort to force him to expel chewing gum, and that the force used was a breach of the Board's rules and policies relating to the administration of corporal punishment. The appeals referee, however, after considering the findings recited in the Board's order and the testimony of Mrs. Clark, determined that Mrs. Clark had placed her hands upon the student's shoulders in a friendly manner after asking him to remove his gum; and also found she had not struck the student. The referee's order concluded that the Board did not show its employee's discharge resulted from misconduct connected with her work within the meaning of the law.
It is unclear from the referee's order why he considered the Board's findings insubstantial evidence. I think the findings were either admissible as evidence before the referee as a record of a public officer pursuant to Section 92.12, or, even if they may not have been admissible in a court of law, they were properly receivable at an adjudicatory administrative proceeding. See Section 120.58(1)(a). Nevertheless, in the absence of the defense by the Board of res judicata or collateral estoppel, the referee, acting as trier of fact, was at liberty to resolve the conflicts in the evidence and accept Mrs. Clark's testimony as true. His conclusion that Mrs. Clark was not discharged for misconduct connected with work was supported by competent and substantial evidence.
The Board never raised any objection to the relitigation of the issue before the referee on res judicata or collateral estoppel grounds. Had the administrative claim for unemployment benefits been governed by the Florida Rules of Civil Procedure, the Board would have been required to raise res judicata as an affirmative defense to the claim. Fla.R.Civ.P. 1.110(d). The burden of raising such defense is clearly on the party asserting it. While the Rules of Civil Procedure apply only to discovery proceedings in administrative actions, Section 120.58(1)(b), still, any party whose substantial interests are determined by an agency has the opportunity to respond, Section 120.57(1)(b)4, *837 to file an answer containing affirmative defenses, and to file motions in opposition to a petition. Fla. Admin. Code Rule 28.5.25(2) and (3). When a litigant has the opportunity to raise the defense of res judicata in a civil action and fails to do so, he is deemed to have waived it. Aufseher v. Aufseher, 217 So.2d 868 (Fla.3d DCA 1969). There is no reason why such waiver should not apply also to administrative proceedings.
Since I feel the Board has waived the only valid objection which was available to it by failing timely to assert the defense, I concur in affirming the order granting unemployment benefits to Mrs. Clark.