438 So.2d 922 (1983)
ATLANTIC CYLINDER CORP., Appellant,
v.
Edward HETNER and Valentin Peguero, Appellees.
No. AR-310.
District Court of Appeal of Florida, First District.
September 29, 1983.
Rehearing Denied October 31, 1983.
Gregory W. Johnson of Weil, Johnson & Benson, Jacksonville, for appellant.
Edward A. White, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellant seeks review of an order entered in the circuit court for Duval County dismissing its complaint with prejudice. We affirm.
Appellees are the president and secretary of two U.S. Virgin Islands corporations. Acting in their corporate capacity, appellees contracted with appellant for the construction and delivery of a gas transport trailer by appellant. Upon delivery of the item appellant was paid by check, but a stop payment order was thereafter effected. Appellant sued the two corporations, upon a six count complaint, and obtained a jury verdict and judgment upon the counts alleging breach of contract and wrongful stopping payment of a check; a directed verdict was entered in the defendants' favor on other counts. This ruling was not appealed, and the judgment was satisfied by the defendant corporations.
Appellant then sued appellees individually for the same acts involved in the prior suit. The trial court, upon motion by appellees, dismissed the complaint with prejudice, finding that appellant seeks to relitigate issues on which it was denied recovery in the former action, and that the prior judgment on the merits for the employer bars an action against the employee in these circumstances.
Although multiple active tortfeasors may be sued separately in successive actions (see Gerardi v. Carlisle, 232 So.2d 36 (Fla. 1st DCA 1969)), when there is an active employee tortfeasor and respondeat superior liability of the employer then the prosecution of an action to judgment and satisfaction against the employer precludes a subsequent separate action against the *923 employee for the same wrongful conduct. See Phillips v. Hall, 297 So.2d 136 (Fla. 1st DCA 1974). Phillips distinguishes Gerardi and suggests that the plaintiff may elect to treat the employee's act as that of the employer, or that of the employee himself, but not both. This "election of actions" theory of Phillips should apply in the present case. The wrongful conduct which appellant asserts on the part of the corporations is the action of appellees as officers of the corporation; such imputation of wrongful conduct should not distinguish Phillips.
In addition, the doctrine of estoppel by judgment bars the present action. In Akins v. Hudson Pulp & Paper Co., 330 So.2d 757 (Fla. 1st DCA 1976), in an alternative holding (the case also involved the exclusivity provision of the Workers' Compensation Law), the court quoted from Gordon v. Gordon, 59 So.2d 40 (Fla. 1952), to the effect that:
The principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points in question  common to both causes of action and which were actually adjudicated in the prior litigation.
The court also quoted from 46 Am.Jur.2d Judgments, and indicated that:
Where suit is brought against an employer for the alleged wrong of an employee, it is held that a judgment on the merits for the employer bars an action against the employee... .
A like rule should apply as to corporations and corporate officers. Estoppel by judgment therefore bars appellant from bringing the present action to the extent that it attempts to relitigate issues adversely determined in the previous action.
As to the issue presented with respect to count four of the complaint, the Phillips' election of actions doctrine would perhaps bar even a subsequent suit which alleges a new theory of recovery upon the same operative facts. But the present case does not require such a construction of Phillips, since contrary to appellant's contention it appears that count four of the present complaint merely reiterates factual allegations and a theory of recovery presented in the former action. Specifically, that count alleges that:
... The aforementioned acts by the Defendants were part of a concerted effort to defraud the Plaintiff out of his possessory rights... . [T]he actions by the Defendants were willful, wanton and with a total disregard for the rights and property of the Plaintiff and with the sole intention of fraudently depriving the Plaintiff of possessory rights.
In the prior action appellant unsuccessfully asserted that:
The conduct of the defendant was willful, wanton and with a fraudulent disregard for rights and property of the plaintiff; and with the sole intention of depriving plaintiff of possessory rights... .
Count four of the present complaint accordingly alleges a theory of recovery unsuccessfully presented in the prior action, and since the complaints also allege the same operative facts both Phillips and the doctrine of estoppel by judgment are applicable to sustain the judgment of dismissal.
Affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.