493 So.2d 26 (1986)
The CITY OF DELAND, Etc., et al., Petitioners,
v.
BENLINE PROCESS Color COMPANY, INC., et al., Respondents.
No. 86-452.
District Court of Appeal of Florida, Fifth District.
July 31, 1986.
Rehearing Denied September 4, 1986.
*27 Frank C. Kruppenbacher and Frederick L. Bateman, Jr., of Swann and Haddock, P.A., Orlando, for petitioners.
Gerard F. Keating, of Arthur H. Gehris III and Associates, P.A., Daytona Beach, for respondents.
UPCHURCH, Chief Judge.
Petitioners, the City of Deland and the Deland Code Enforcement Board, seek a writ of certiorari to review an order of the circuit court[1] which reversed an order of the Deland Code Enforcement Board, finding respondents in violation of the city code.
Respondent, Benline Process Color Company, Inc., planned to operate a silk screen printing business. It was issued a building permit to make necessary improvements to its property. Subsequently, the city conducted inspections to insure that the completed improvements complied with the city code. On December 20, 1984, the city cited respondent with four violations. These consisted of failure to provide a sprinkler system for fire, failure to include a proper hood system and automatic sprinkler over the silk screen washers, and failure to provide an approved retaining wall around outside storage tanks, all of which are required in a hazardous occupancy building.
The Code Enforcement Board held a hearing and found respondents were in violation, giving them ninety days to correct the deficiencies. After expiration of that period, another meeting was held and it was determined that the respondent had not corrected the violations and the board imposed a fine of $25.00 per day until the violations were corrected.
This order was appealed to the circuit court. The circuit court found the Deland Code Enforcement Board did not have "sufficient competent, substantial evidence before it", upon which it based its order. The court more specifically stated that insufficient evidence was presented as to the hazardous nature of the materials stored and used on the premises, the precise amounts of those materials regularly maintained, the respective flash points of those materials and the precise method or formula for determining what constitutes a "highly combustible" or "hazardous" material. *28 Accordingly, the court found the Enforcement Board in error, reversed, and remanded for a new hearing.
Petitioners contend that the decision of the circuit court reversing the decision entered by the Code Enforcement Board departs from the essential requirements of law because it usurps the board's function by reevaluating and reweighing the evidence presented to the board.
As stated in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982):
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent, substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law.
Id. at 626.
In the instant case, the circuit court determined that the findings of the board were supported by insufficient competent and substantial evidence. As stated in Pompano Beach Police and Firemen's Pension Fund v. Franza, 405 So.2d 446 (Fla. 4th DCA 1981), the weight and credibility of the evidence before the administrative agency cannot be reevaluated by the reviewing court. See also Board of County Commissioners of Pinellas County v. City of Clearwater, 440 So.2d 497 (Fla. 2d DCA 1983); Town of Mangonia Park v. Palm Beach Oil, Inc., 436 So.2d 1138 (Fla. 4th DCA 1983), rev. denied, 450 So.2d 487 (Fla. 1984). A circuit court acting in its appellate capacity which reevaluates the credibility of evidence or reweighs conflicting evidence before the lower tribunal departs from the essential requirements of law. See e.g. Board of County Commissioners of Pinellas County, supra.
The order of the circuit court, in stating that the Code Enforcement Board "did not have sufficient competent, substantial evidence before it" by its own terms implies that there was some competent, substantial evidence presented. Respondents contend that the circuit court did not reweigh the evidence in this case but, in fact, found that there was no competent, substantial evidence regarding the hazardous nature of the materials stored and used on the premises in question. However, the express terms of the order do not support this position.
At the hearing before the Code Enforcement Board, the city presented testimony of the Deland City Engineer, Fire Chief and Fire Inspector, as well as the Fire Chief of the City of Altamonte Springs and of a certified fire inspector from the State Fire Marshal's office. Collectively, their testimony revealed that the premises should be classified as hazardous occupancy. The fire inspector testified that he inspected the property and found fifteen sealed fifty-five gallon barrels of a resin solution with a flash point of forty-five degrees, four fifty-five gallon barrels of Hylene which has a flash point of forty degrees, both Class 1 flammables, as well as sixteen fifty-five gallon barrels of paint and twenty barrels of mixed paints, all of which are combustible. The fire inspector also testified that silk screens were being sprayed and washed with mineral spirits in an open pit. While mineral spirits are not as dangerous as Class 1 flammables, nonetheless the fumes were very strong and caused eye irritation.
Respondent argues that the experts who testified were not properly qualified or under oath, but an examination of the transcript refutes this contention. The evidence before the board supports its finding that respondent's business constituted a hazardous occupancy as defined in the city code. The circuit court sitting in its appellate capacity had no authority to reweigh the evidence and therefore its order reversing the Code Enforcement Board was a *29 departure from the essential requirements of law.
We quash the order of the circuit court and reinstate the order of the Code Enforcement Board.
SHARP and COWART, JJ., concur.
NOTES
[1] The circuit court was acting in its capacity as an appellate court pursuant to section 162.11, Florida Statutes (1985).