522 So.2d 556 (1988)
The SCHOOL BOARD OF SEMINOLE COUNTY, Florida, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
87-1429.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
Ned N. Julian, Jr., of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
COWART, Judge.
After an adversarial administrative hearing appellant, school board, upheld its own action as employer in terminating the employment of a male teacher's aide because it found that the employee had engaged in sexual intercourse with a female juvenile-student-detainee. That finding was appealed and affirmed by this court in Miller v. School Board of Seminole County, 518 So.2d 282 (Fla. 5th DCA 1987).
The employee sought unemployment compensation. The school board defended on the ground the employee had been terminated for misconduct. The Unemployment Appeals Commission (UAC) upheld the appeals referee's affirmance of the claims examiner's decision, which found that the employer had failed to substantiate these charges of misconduct. The appeals referee found (1) the testimony of the student-detainee was not credible, (2) that the sexual intercourse did not occur, and (3) that the employee was not guilty of misconduct, and concluded the employee therefore was entitled to unemployment benefits. We reverse.
The final decision of this court, upholding the school board's final administrative order finding that the employee was *557 properly terminated because of his sexual intercourse with the student, is final and binding on the parties (the school board and the employee) as to the facts and issues upon which our adjudication was made.[1] Those findings are simple and specific: the teacher (employee) had extramarital sexual intercourse with a student.[2] The employee is estopped to relitigate that fact with the school board. See United States Fidelity and Guaranty Company v. Odoms, 444 So.2d 78 (Fla. 5th DCA 1984). We agree with Judge Ervin's separate opinion in Marion County School Board v. Clark, 378 So.2d 831, 835 (Fla. 1st DCA 1979) although we could distinguish Marion County because in the present case, this court's prior decision is the prior final adjudication of the issues between the parties, not merely the administrative order of the school board.
The decision of the UAC, holding that the employee is entitled to unemployment compensation, is
REVERSED.
COBB and DANIEL, JJ., concur.
NOTES
[1] See Rimes and Lannon, Res Judicata and Collateral Estoppel in Administrative Proceedings, 62 Fla.Bar Journal 41 (April 1988).
[2] As a matter of law, this is misconduct by a teacher-employee.