Claude BENLINE, et al., Plaintiffs,

v.

CITY OF DELAND, et al., Defendants.

No. 86–727–CIV–ORL–19.

United States District Court,
M.D. Florida,
Orlando Division.

April 27, 1989.

Gerard F. Keating, Daytona Beach, Fla., for plaintiffs.

John L. O'Donnell, James A. Gustino, Burt and Gustino, Orlando, Fla., and Astrid de Parry, City Atty., City of Deland, Deland, Fla., for defendants.

## ORDER

FAWSETT, District Judge.

This case was considered by the Court on the issue whether Plaintiffs' action is barred by the principles of *res judicata* and collateral estoppel.

The pertinent facts of this matter are as follows. Plaintiffs in the instant case are Claude Benline, Benline Process Color Company, Inc. and Deland Leasing. Benline Process Color Company, Inc. ("Benline Process") conducts a silk screening business for billboard printing. This business was conducted in an airport building leased by Benline Process from the City of Deland (Stipulated Exhibit 18) until damage from a tornado necessitated a move from these premises. Benline Process then moved to a building on property owned by Deland Leasing, a Florida corporation, in the City of Deland.[1]

On October 30, 1984, Benline Process and Claude Benline as President were given notice of violations of City Code Chapters 7 and 12. *See* Stipulated Exhibits 10–11. On November 12, 1984, the Code of Enforcement Board of the City of Deland found, *inter alia,* that Deland Leasing Company was in violation of the City Code and gave it ninety days to correct the violations. *See* Stipulated Exhibit 16. Mr. Benline testified at this hearing. Mr. Benline, as President of Benline Process, also wrote several letters to the City of Deland concerning the lease with the old building and the problems with the new building which was the subject of the violation citations. *See* Stipulated Exhibits 17, 19 and 39. After this ninety day period, the Code Enforcement Board determined that Deland Leasing Company, d/b/a Benline Process, had not corrected the violations and imposed a fine of $25.00 per day until the violations were corrected. *See* Stipulated Exhibit 16. Benline Process and Deland Leasing appealed this decision to the Circuit Court of Volusia County which reversed the finding of the Code of Enforcement Board. Thereafter, the City of Deland and the Code Enforcement Board appealed to the Fifth District Court of Appeal which reversed the Circuit Court, finding that the "evidence before the board supports its finding that respondent's business constituted a hazardous occupancy as defined in the city code." *City of Deland v. Benline Process Color Co.,* 493 So.2d 26, 28 (Fla. 5th DCA 1986). The Fifth District Court of Appeal then quashed the order of the circuit court and reinstated the order of the Code Enforcement Board.[2]

Subsequently, Claude Benline, Benline Process and Deland Leasing filed the instant action in this Court seeking damages, injunctive relief and declaratory relief pursuant to 42 U.S.C. § 1983. Benline Process and Deland Leasing also filed a complaint against the City of Deland and the Deland Code Enforcement Board in the Circuit Court for the Seventh Judicial Circuit in

---

**1.** While prior to the events which are the subject of this suit Mr. Benline had owned this property, at all times material to this case Deland Leasing owned the property.

**2.** These proceedings will be called "first state court proceedings."

and for Volusia County (Case No. 86–8420)[3] in which Plaintiffs sought both a judgment in equity estopping the City of Deland and the Code Enforcement Board from denying Plaintiffs' certificate of occupancy and building permit and a declaratory judgment pursuant to Florida Statutes Chapter 86 concerning their rights as affected by the Deland City Code. In the second state court proceeding Plaintiffs claimed, *inter alia*, violations of due process, improper classification of the business as a hazardous occupancy, improper constitution of the Code Enforcement Board and that various municipal officers and agents were not properly qualified.

On February 5, 1988, in the second state court action, the parties entered into a settlement agreement which was incorporated into the final judgment of the trial court.

In the action pending in this Court, Defendants filed a Motion for Summary Judgment and a Motion in Limine in which they sought to preclude Plaintiffs' claims on the basis of *res judicata* and collateral estoppel because of the litigation during the Deland Code Enforcement Board hearing, the first state court proceeding, and the proceedings in the highest Florida appellate court to which Plaintiffs appealed.[4] (Doc. Nos. 10 and 83, filed respectively on October 16, 1986 and July 12, 1988). The Motion for Summary Judgment was denied (Doc. No. 62, filed December 17, 1987), and the Court reserved ruling on the Motion in Limine pending trial. In the Pretrial Stipulation the Parties enumerated the issues remaining to be litigated, all of which involve incidents which were also the subject of the two state court proceedings and

concern the alleged injuries which the corporate plaintiffs sustained as a result of the Code Enforcement Board's designation of the business of Benline Process as a "hazardous occupancy" when it moved into the building owned by Deland Leasing. (Doc. No. 45, filed June 1, 1987).

Less than thirty minutes prior to the commencement of the trial in this case, Defendants filed a Trial Brief in which they asserted for the first time to this Court that the doctrine of *res judicata* barred the instant action because of the second state trial court action.[5] Defendants argued orally that the Court did not have subject matter jurisdiction and that the cause should be dismissed. After a hearing on this matter prior to the selection of the jury, the parties agreed to submit pertinent documents from the second state court proceeding for a ruling by the Court prior to conclusion of the Plaintiffs' case in chief in order to save further costs and expenses of trial.

■■■ In order to determine whether *res judicata* applies,[6] the Federal Court must look to the law of the forum state[7]. Florida requires for the application of *res judicata* that four factors be present:

1. Identity of thing sued for;

2. Identity of the cause of action;

3. Identity of the parties; and,

4. Identity of the quality in the person for or against whom the claim is made. *Casines v. Murchek*, 766 F.2d 1494, 1495 (11th Cir.1985).

---

3. No individual defendants were named in the proceeding filed in the Volusia County Circuit Court. This proceeding will be called the "second state court proceeding."

4. These Motions were opposed by Plaintiffs. (Doc. Nos. 17 and 84, filed respectively October 29, 1986 and July 12, 1988).

5. There was an oblique reference to the subsequent Circuit Court trial court decision contained in Plaintiffs' opposition to the Motion in Limine at page 3.

6. *Res judicata* is defined as a final judgment on the merits of an action which precludes the parties or their privies from relitigating claims

that were or could have been raised in that action. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982). Collateral estoppel is defined as a court's decision on an issue of fact or law necessary to its judgment which precludes relitigation of the same issue in a different cause of action between the same parties. *Id.*

7. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982), *Casines v. Murchek*, 766 F.2d 1494, 1498 (11th Cir.1985).

■ This Court has two separate state court proceedings to review in order to determine whether *res judicata* is properly applied. The Court will then examine the issue of collateral estoppel.

As to the first state court proceeding, the issues were limited to those which could be raised on appeal with no new discovery or evidence presented to the appellate court. Plaintiffs thus did not and could not have raised for the first time their constitutional concerns which primarily relied upon evidence outside the scope of the Deland Code Enforcement Board proceedings. *See Fla.Stat.* § 162.11 (1988). *See also Casines v. Murchek*, 766 F.2d 1494, 1498–99 (11th Cir.1985). The Court thus determines that as to Plaintiffs' constitutional claims, the identity of thing sued for and identity of the cause of action are different between the first state court proceeding and the instant one. Therefore, *res judicata* would not apply to bar Plaintiffs' claims for deprivation of their constitutional rights pursuant to 42 U.S.C. § 1983 in this Court by virtue of the first state court proceeding.

■ It appears, however, that *res judicata* does apply to bar certain claims in this case by virtue of the second state court proceeding. First, there was an identity of things sued for. While the remedies in the second state court action and the instant action differ [8], the fact that a party brings two separate actions, both of which are based on the same transactions, occurrences and facts, but seeks remedies which are distinct in the two actions does not preclude the application of *res judicata*. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 n. 22, 102 S.Ct. 1883, 1897 n. 22, 72 L.Ed.2d 262 (1982) "(explaining that *res judicata* has recently been held to bar claims arising from the same transaction even if brought under different stat-

utes, . . .)"; *Thermofin, Inc. v. Woodruff*, 491 So.2d 344, 345 (Fla. 4th DCA 1986) (explaining that "[t]he rule against splitting causes of action requires that all relief arising out of a single transaction or event be sought, and recovered, in one action"). This is particularly true where, as here, Plaintiffs could have demanded all remedies in the second state court proceeding which are sought in the instant federal court action. *See Martinez v. California*, 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980).

As to the second factor, it is clear that there is identity of causes of action in both the second state court proceeding and the instant case. The underlying facts and the evidence needed to prove both causes of action are the same. *Albrecht v. State*, 444 So.2d 8, 12 (Fla.1984) (noting that the "determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions"), *superseded by statute on other grounds as stated in*, 448 So.2d 566 (Fla.2d DCA 1984). Under *res judicata*, causes of actions which were or could have been litigated are deemed precluded if in a prior case there has been a final judgment rendered and there was no question as to the jurisdiction of the earlier forum to entertain the later filed cause of action. *Id.* at 11–12. This is clearly the case concerning Plaintiffs' claims under 42 U.S.C. § 1983 which could have been litigated in the second state court proceeding. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

As to the third factor, the identity of parties, the Complaint in this case names as Defendants the City of Deland and several individuals who are sued individually and in their capacity as agents, officials, or

---

**8.** In the second state court action Plaintiffs filed a complaint in which they alleged constitutional violations and sought a "judgment in equity to estop the City from denying Plaintiffs' certificate of occupancy and building permit against the city and an order to the city to issue Plaintiffs their certificate of occupancy and building permit" and a declaratory judgment concerning "their rights, immunities, powers or privileges."

In the instant action, Plaintiffs alleged constitutional violations arising out of the same facts and sought damages, as well as declaratory and injunctive relief, for violation of 42 U.S.C. § 1983. The claims for injunctive relief and for a declaratory judgment were dropped by stipulation of the parties contained in the Pretrial Stipulation (Doc. No. 45, filed June 1, 1987).

employees of the City.[9] The Complaint in the second state court proceeding names as defendants the City of Deland, a municipal corporation, and the Deland Code Enforcement Board. "Identity of parties" has been defined to mean not only the identical parties, but those in privity with those originally named. *See Sunshine Coal Co. v. Adkins*, 310 U.S. 381, 402–03, 60 S.Ct. 907, 916–17, 84 L.Ed. 1263 (1940); *McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563, 1566 (11th Cir.1987). It thus appears that *res judicata* bars Plaintiffs from relitigating the claims that were litigated or those that could have been litigated in the second state court proceeding against both the City of Deland, the Code Enforcement Board and the representatives of both entities in their official capacities.[10]

Additionally, in the first and second state court proceedings, Plaintiffs were Benline Process Color Company and the Deland Leasing Company. Mr. Claude Benline who is a Plaintiff in the instant case was not a named Plaintiff in either the first or the second state court proceeding. Mr. Benline, however, as a shareholder and President of Benline Process Color Company does not assert in this federal court a claim separate and distinct from those claims asserted by the corporate Plaintiffs. *See, e.g.,* Exhibit E to Complaint; Pretrial Stipulation ¶ 18, pp 15–16, Doc. No. 45. Therefore this Court finds that the addition of Mr. Benline as a party plaintiff does not bar the application of *res judicata* in this case. As both shareholder and president of the company that fully participated in both the first and the second state court proceedings, he cannot relitigate claims on

which recovery was or could have been afforded in the former actions. *E.g., Atlantic Cylinder Corp., v. Hetner*, 438 So.2d 922 (Fla. 1st DCA 1983); *See also Lawrence v. McGuire*, 651 F.Supp. 312, 316–17 (S.D.N.Y.1987). Mr. Benline may not "achieve individual standing to assert claims based on injuries to the corporation that have been once litigated by the corporation itself." Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction § 4460, at 534.

As to the fourth factor, the issue of identity of quality in the person for or against whom the claim is made, the parties to this case clearly had the same incentive to adequately litigate against the Plaintiffs' claims and raise the available defenses in both the second state court proceeding and this federal court action. *See McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563 (11th Cir.1987).

The Court thus concludes that *res judicata* bars Plaintiffs' claims as to the municipal defendant, its officers and its agents in their representative capacities.

■ As to the claim that collateral estoppel also bars Plaintiffs' case, the first state court action determined that the silk screening business was properly classified as a "hazardous occupancy" and that the experts who testified at the Code Enforcement Board hearing were properly qualified and testified under oath. *City of Deland v. Benline Process Color Co.*, 493 So.2d 26, 28 (Fla. 5th D.C.A.1986). Plaintiffs are thus barred by collateral estoppel from raising relitigating those issues in this forum.[11] *See University of Tennessee*

**9.** Although Plaintiffs originally sued Robert Apgar both for his actions as City Commissioner and as attorney for Russell T. Morris, the parties stipulated to the dismissal of Mr. Apgar from this action on October 28, 1987. Defendant Russell T. Morris was chairperson of the Code Enforcement Board which was a defendant in both the first and the second state court proceedings other individuals sued in both their individual and representative capacities are: Peter J. Burbine, the Building Official for the City of Deland, John Wright, the Fire Chief of the City of Deland, Theron Clifton, the Fire Official for the City of Deland, D. Scott Rohlfs, the City Manager of the City of Deland, and Larry W.

Littlefield, the Public Services Director of the City of Deland.

**10.** This Court need not reach the claims of Plaintiffs asserted against the individual defendants in their individual and not representative capacities because the parties announced in open Court a settlement as to the individual defendants on April 24, 1989 during the pendency of the trial.

**11.** Since the state appellate court also rendered a decision on these issues, claims relating to them may also be barred by *res judicata*. Because of the decision by this Court on the *res*

*v. Elliott,* 478 U.S. 788, 788–789, 106 S.Ct. 3220, 3220–3221, 92 L.Ed.2d 635 (1986); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 479–85 nn. 21–22, 26, 102 S.Ct. 1883, 1896–99, nn. 21–22, 26, 72 L.Ed.2d 262 (1982), *School Board of Seminole Cnty. v. Unemployment Appeals Comm.,* 522 So.2d 556 (Fla. 5th DCA 1988)[12].

Therefore, Plaintiffs' claims against the City of Deland and the individual Defendants in their representative capacities are dismissed. The parties having amicably settled the remaining claims brought against the individual Defendants, this case is dismissed in its entirety.

DONE AND ORDERED.

See also, Fla.App., 543 So.2d 241.

*judicata* effect of the second state court proceeding, this Court does not reach the *res judicata* effect of the first state court proceedings.

12. Since collateral estoppel bars Plaintiffs only from relitigating issues that the court actually decided, *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), collateral estoppel does not bar Plaintiffs from raising any issues raised in the second state court proceeding in the instant proceeding because the settlement agreement which the court adopted provided prospective relief only and made no determination as to the merits of Plaintiffs' claims.